**HOMES & LAND PUBLISHING, LTD., a Florida limited partnership, Plaintiff,**

v.

**APARTMENTNET CORPORATION, a Nevada Corporation; and the Lynel Corporation, a California Corporation, Defendants.**

**No. 00CV0743–BTM(JFS).**

United States District Court, S.D. California.

June 6, 2000.

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDER AND FOR WRIT OF ATTACHMENT**

STIVEN, United States Magistrate Judge.

### I. INTRODUCTION

On April 12, 2000, Plaintiff Homes & Land Publishing Ltd. ("Plaintiff") filed a

Memorandum of Points and Authorities in Support of Application for a Right to Attach Order and Writ of Attachment. Plaintiff then filed the Application for Right to Attach Order and for Order for Issuance of Writ of Attachment on April 19, 2000. In support of the Application, Plaintiff filed the Declaration of Frances C. Lowe, the Chief Executive Officer of the General Partner of Homes & Land Publishing, Ltd.

ApartmentNet Corporation ("Defendant")[1] filed an Opposition to Plaintiff's Application for Right to Attach Order and Writ of Attachment on May 19, 2000. Defendant submitted the Declaration of Judith S. Fabion, President of Apartment-Net, and the Declaration of I. Randolf S. Shiner, attorney for ApartmentNet. Plaintiff filed a reply on May 26, 2000.

The Court heard oral argument on the matter on May 30, 2000. Mr. C. Griffith Towle appeared on behalf of Plaintiff, and Mr. I. Randolph S. Shiner appeared on behalf of Defendant.[2] This motion was referred to Magistrate Judge James F. Stiven for determination pursuant to 28 U.S.C. § 636(b)(1)(A). For reasons stated herein, the Court hereby **GRANTS** Plaintiff's Application for a Right to Attach Order and for Writ of Attachment.

## II. BACKGROUND

In October 1998, Plaintiff and Defendants and others entered into a Settlement Agreement and Mutual General Release (the "Settlement Agreement") to resolve pending claims between them in the case of *Homes and Land, et al. v. Nelson, et al.,* Case No. 98cv0632–H(JAH).[3] (Memorandum in Support of Application at 1); (See Decl. Francis C. Lowe, Ex. A, for copy of the Settlement Agreement). Under the Settlement Agreement, as consideration for dismissal of the action, Lynel assigned to Homes & Land its one-half interest in monthly payments owed to it by ApartmentNet pursuant to a previous sale agreement between Lynel and Apartment-Net. (Memorandum in Support of Application at 1–2). According to Plaintiff, the terms of the sale agreement were such that ApartmentNet agreed, without condition, to pay Lynel $10,000 per month for 24 months, beginning June 1, 1998, as consideration for acquiring all of Lynel's assets. (*Id.* at 2). ApartmentNet had paid Lynel four of these monthly payments at the time the Settlement Agreement was executed. (*Id.*). According to the Settlement Agreement, as further consideration for dismissal of the prior action, ApartmentNet expressly consented to the assignment of a one-half interest in the twenty remaining monthly payments to Homes & Land, and it expressly agreed to make those payments, without condition, in the amount of $5,000, or more, per month, to Homes & Land for twenty months or until Homes & Land has been paid a total of $100,000. (*Id.*); (Settlement Agreement pp. 2–3).

Plaintiff contends that ApartmentNet has failed to make any of the required payments to Plaintiff since June 1999.[4] (*Id.*). Plaintiff asserts that, as of April 1, 2000, ApartmentNet owed Homes & Land $50,000 plus prejudgment interest. (*Id.*).

Defendant ApartmentNet disagrees with the characterization of the facts as presented by Plaintiff. (Opposition at 2). ApartmentNet asserts that the understanding of the parties when signing the Settlement Agreement was that Apart-

---

1. The Lynel Corporation is also a named defendant in the lawsuit; however, Plaintiff seeks a writ of attachment only with respect to Defendant ApartmentNet.

2. An appearance was also made by Mr. Robert Nelson of Lynel Corporation, who was not represented by counsel at the hearing. The Court permitted Mr. Nelson to address the Court at the time of the hearing, and the Court considers Mr. Nelson's statements as a proffer of evidence.

3. This case was filed April 3, 1998 and terminated January 29, 1999.

4. Payment commenced in October 1998.

mentNet would make the monthly payments only if ApartmentNet had monies available. ApartmentNet argues that Ms. Fabion would not have signed an agreement which effectively guaranteed payments because the market was in steep decline at the time of execution of the agreement. (*Id.* at 2–3). ApartmentNet's understanding was "that Homes & Land would have no recourse against ApartmentNet and that their compensation under the Settlement Agreement was limited to the payments they actually received." (*Id.* at 3). Apartment Net asserts that no monies have been available for payment since June 1999. (*Id.*).

ApartmentNet argues that parol evidence should be admitted to ascertain the intent of the parties at the time of contract because the pertinent language in the contract is ambiguous and susceptible to different meanings. As such, ApartmentNet argues that issuance of a right to attach order and writ of attachment is unwarranted.

### III. DISCUSSION

Under Rule 64 of the Federal Rules of Civil Procedure, a federal court applies the attachment law of the state in which it sits. Fed.R.Civ.P. 64. California's "Attachment Law" therefore applies to this application. *See* Cal.Code Civ. Pro. § 482.010.

#### A. *Section 483.010(a)*

Section 483.010(a) of the California Code of Civil Procedure states that an attachment may be issued on "a claim or claims for money, each of which is based on a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five-hundred dollars ($500) exclusive of costs, interest and attorney's fees." Cal.Code Civ. Pro. § 483.010(a).

Plaintiff's claim is for an amount greater than $500, namely $70,000, and is based on a contract. (Plaintiff's Application Form, filed Apr. 19, 2000, at ¶ 5). The total amount of Plaintiff's claim is readily ascertainable, as Plaintiff's claim would amount to a sum of $5,000 per month plus interest for the number of months ApartmentNet fails to make payment. Therefore, as a preliminary matter, Section 483.010(a) has been satisfied.[5]

#### B. *Section 484.020*

Plaintiff must also satisfy the requirements of Section 484.020 of the California Code of Civil Procedure. Under this section Plaintiff's Application for Right to Attach Order must include:

(a) A statement showing that the attachment is sought to secure recovery on a claim upon which an attachment may be issued.

(b) A statement of the amount to be secured by the attachment.

(c) A statement that the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(d) A statement that the applicant has no information or belief that the claim is discharged in a proceeding under Title 11 of the United States Code (Bankruptcy) or that the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(e) A description of the property to be attached under the writ of attachment and a statement that the plaintiff is informed and believes that such property is subject to attachment.

Cal.Code Civ. Pro. § 484.020.

Plaintiff's Application for Right to Attach Order (the application form itself), by its terms, incorporates by reference Plaintiff's Memorandum of Points and Authori-

---

**5.** Defendant argues that the amount is *not* fixed or readily ascertainable, because the amount owed was subject to change depending on whether monies were available. The Court rejects this argument because, as stated below, the Settlement Agreement does *not* provide that ApartmentNet only make monthly payments when monies are available.

ties and Declaration of Frances C. Lowe in support of the Application. (See Plaintiff's Application Form, filed Apr. 19, 2000, at ¶ 5). As such, this Court looks not only to the Application Form itself, but to the memorandum of points and authorities and the supporting declaration when deciding whether Plaintiff has satisfied Cal.Code Civ. Pro. § 484.020.

Subsection (a) of 484.020 requires a statement that the claim on which the attachment is sought is one upon which an attachment may be issued. The statement required by subsection (a) is found within Plaintiff's Application for Attachment, filed April 19, 2000. (See Plaintiff's Application Form at ¶ 7, 8). Thus, Section 484.020(a) has been satisfied.

The requirements of Section 484.020(b), (c), (d) and (e) are also satisfied. Plaintiff included a statement of the amount to be secured by the attachment, namely $70,-000, satisfying subsection (b). (Plaintiff's Application Form at ¶ 5).

Plaintiff has indicated through its memorandum of points and authorities that the attachment is not sought for a purpose other than to recover on the breach of contract claim, (Memorandum in Support of Application at 4), satisfying subsection (c).

Additionally, included in the Application Form is a statement that Plaintiff has no information that the claim is discharged in a bankruptcy proceeding, as required by subsection (d). (Plaintiff's Application Form at ¶ 6).

Finally, the property sought to be attached is described in the Application Form as "any property of a defendant who is not a natural person." (Application Form at ¶ 7a). Plaintiff's memorandum indicates that "it is believed that ApartmentNet has assets with which it can secure Homes & Land's claim." (Memorandum in Support of Attachment at 4). Therefore, subsection (e) is satisfied.

Thus, the Court finds that Plaintiff's Application for Right to Attach Order has met each of the requirements of Section 484.020.

## C. Section 484.090

Section 484.090(a) of the California Code of Civil Procedure provides:

(a) At the hearing, the court shall consider the showing made by the parties appearing and shall issue a right to attach order, which shall state the amount to be secured by the attachment determined by the court in accordance with Section 483.015 or 483.020, if it finds all of the following:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The plaintiff has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(4) The amount to be secured by attachment is greater than zero.

Cal.Code Civ. Pro. § 484.090(a).

Counsel for Plaintiff and Defendant have set forth arguments at the May 30, 2000 hearing and in their pleadings, discussing whether or not this Section has been satisfied. This Court finds that the requirements of Subsections (a)(1) and (a)(3) (which involve the same language and requirements as Sections 483.010(a), and 484.020(a) and (c) discussed above) have been met.

Subsection (a)(2), however, involves a more in depth analysis by the Court, as it requires that a plaintiff establish the "probable validity" of the claim upon which the attachment is based. Cal.Code Civ. Pro. § 484.090(a)(2). "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." Cal.Code Civ. Pro. § 481.190.

In making this determination, a court must review the evidence before it and "consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal.App.3d 1110, 1120, 212 Cal.Rptr. 830 (1985). The court must also consider all declarations in support of and in opposition to the motion.[6] *Id.*

Here, the Court must determine whether Plaintiff's claim against Defendants for breach of the Settlement Agreement has "probable validity," which requires a finding that it is more likely than not that Plaintiff will prevail in the litigation.

Plaintiff argues that ApartmentNet has breached the terms of the Settlement Agreement by refusing to pay monies pursuant to the terms of the Agreement. Plaintiff asserts that ApartmentNet has failed to make any of the required payments of $5,000 per month, since June 1999, and that this failure constitutes a breach of the Settlement Agreement. (See Decl. of Frances C. Lowe at 3).

Conversely, Defendant argues that the parties' intent is not reflected by Plaintiff's characterization of the terms of the Settlement Agreement. (Opposition at 2). Defendant argues that ApartmentNet was obligated to make payment of the monies only *when available.* (*Id.* at 4). Arguing that certain provisions of the contract are ambiguous, ApartmentNet asserts that parol evidence should be admissible to determine the parties' intent at the time the Settlement Agreement was executed. (Opposition at 5).

In her declaration, Judith Fabion states that "she did not intend to guarantee that payments would continue to be made to Homes & Land above and beyond available cash flow. This was the general understanding all parties had at the time, although the Settlement Agreement is vague and ambiguous on that issue . . . ." (Decl. Fabion at 2). Fabion further states that ApartmentNet was in a "precarious" financial situation at the time the Settlement Agreement was signed, and that she would not have and committed to an unqualified agreement to make payments to Homes & Land. (*Id.*).[7]

Fabion quotes paragraph three of the Settlement Agreement (entitled Collection and Enforcement re Assignment) which states, "Homes and Land shall have no duty or obligation to enforce the payment of any such sums and shall be accountable only for such sums as it actually receives." (*Id.* at 3). Fabion states that this language shows the intent of the parties that Homes & Land would have no recourse against ApartmentNet and that "their compensation under the Settlement Agreement was limited to the payments they had actually received." (*Id.*). Counsel for ApartmentNet argued at the May 30, 1999, hearing that the import of this language is unclear and that parol evidence should therefore be admitted to ascertain the true meaning of the language.

---

6. In determining the validity of the claim, Section 484.090(d) of the Code of Civil Procedure provides, additionally:

> The court's determinations shall be made upon the basis of the pleadings and other papers in the record; but, upon good cause shown, the court may receive and consider at the hearing additional evidence, oral or documentary, and additional points and authorities, or it may continue the hearing for the production of the additional evidence or points and authorities.

Cal.Code Civ. Pro. § 484.090(d).

> In the instant case, the Court did not require further briefing, but it did consider the additional evidence presented at the May 30, 2000 hearing. At the hearing, counsel for ApartmentNet suggested that the Court should conduct a separate evidentiary hearing. However, in response to the Court's inquiry, counsel was unable to demonstrate that any further material evidence would be offered, nor did he explain why any such evidence was not already submitted.

7. In his proffer to the Court, Mr. Nelson of Lynel essentially adopted Ms. Fabion's understanding of the parties' respective obligations.

■ This Court disagrees with ApartmentNet's assertion that the language of paragraph three is ambiguous or that it somehow shows the intent of the parties that Homes & land would have no recourse against ApartmentNet for failure to make monthly payments. The language is clear that Plaintiff shall have no *duty* to enforce payment; the language in no way indicates that Plaintiff shall have no *recourse* against Defendant in the event of nonpayment. The language further states Plaintiff shall be accountable only for payments actually received. The Court does not read the language in paragraph three, nor anywhere in the Settlement Agreement, to mean that Defendant's obligation to make monthly payments to Plaintiff is suspended when monies are unavailable. This is especially so in light of the entire agreement which clearly sets out an unconditional obligation on the part of ApartmentNet to make the monthly payments.

■ Generally, a contract is governed by its plain language, and parol evidence is inadmissible to vary or contradict the terms of an integrated writing. Cal. Civ. Code §§ 1625, 1856. In determining whether parol evidence is admissible, the Court looks at: (1) whether the writing was intended to be an integration, i.e. a complete and final expression of the parties' agreement, and (2) whether the agreement is "reasonably susceptible" to the interpretation urged by the party offering the evidence. *Bionghi v. Metropolitan Water District,* 70 Cal.App.4th 1358, 1364–65, 83 Cal.Rptr.2d 388 (1999). *See also Pacific Gas & E. Co. v. G.W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, 37, 69 Cal.Rptr. 561, 442 P.2d 641 (1968) (defining the test for admitting parol evidence as whether the offered evidence is relevant to prove a meaning to which the language of the instrument is "reasonably susceptible").

In making the determination, the Court considers (without actually admitting) evidence concerning the parties' intentions in order to determine whether "ambiguity" exists, i.e. whether the language is "reasonably susceptible" to the interpretation urged by a party. *Winet v. Price,* 4 Cal. App.4th 1159, 1165, 6 Cal.Rptr.2d 554 (1992). If the court decides the language is "reasonably susceptible" to the interpretation urged, extrinsic evidence is admitted to aid in interpreting the contract. *Blumenfeld v. R.H. Macy & Co.,* 92 Cal. App.3d 38, 45, 154 Cal.Rptr. 652 (1979).

Here, the Court finds that the Settlement Agreement is an integrated agreement and that the evidence set forth does not suggest that the language is "reasonably susceptible" to the interpretation urged by Defendant. The Court has considered the evidence before it, including the declarations of Ms. Fabion and Mr. Lowe, as well as the statements made by Mr. Nelson as a proffer of evidence. The evidence does not indicate that the language of the Settlement Agreement is reasonably susceptible to Defendant's interpretation of it.

Therefore, parol evidence shall not be admitted to vary the plain language of the contract, which clearly states that ApartmentNet agreed to pay Homes & Land $5,000 per month, until the agreed upon debt of $100,000 is paid. The contract is clear on its face, and ApartmentNet's obligation to pay is unconditional.

Therefore, this Court finds that it is more likely than not, under section Cal. Code Civ. Pro. § 484.090(a)(2), that Plaintiff will prevail on its claim for breach of the Settlement Agreement. The Agreement by its terms clearly indicates that ApartmentNet owes Homes & Land a payment of·$5,000 per month until the debt is paid and that ApartmentNet has failed to make payment since June 1999. Therefore, it appears clear that ApartmentNet breached the terms of the Settlement Agreement.

For the above-stated reasons, this Court finds that Plaintiff's claim has "probable validity," thereby satisfying subsection (2) of Section 484.090(a).

**1254**

The last element of Section 484.090(a), described in subsection (4), requires that the amount to be secured by attachment be greater than zero. Cal.Code Civ. Pro. § 484.090(a)(4). In determining the amount which can be secured by attachment, Section 483.015(a) describes the amount as the sum of the following: "(1) The amount of the defendant's indebtedness claimed by the plaintiff, [and] (2)[a]ny additional amount included by the court under Section 482.110." Cal.Code Civ. Pro. § 483.015. In addition, under Section 482.015(b), the amount to be attached should be reduced by the sum of: "(2) The amount of any indebtedness of the plaintiff that the defendant has claimed in a cross-complaint filed in the action if the defendant's claim is one upon which an attachment could be issued." *Id.*

Plaintiff seeks a sum of $70,000. (Plaintiff's Application Form at ¶ 5). No counterclaim was filed by Defendant. Thus, the amount sought to be secured by attachment is $70,000 which greater than zero, thereby satisfying section 484.090(a)(4).

In sum, Plaintiff has satisfied all of the requirements of Section 484.090(a).

## IV. CONCLUSION

For the above-stated reasons, the Court hereby **GRANTS** Plaintiff's Application for a Right to Attach Order and Writ of Attachment.

It is hereby ordered that, pursuant to Cal. Civ.Code § 489.210, Plaintiff shall file an undertaking to pay Defendant any amount Defendant may recover for any wrongful attachment by Plaintiff in this action. Plaintiff shall file this undertaking in the amount of $7500.00 before the writ will issue.[8] If Defendant objects to the

amount of the undertaking, Defendant must file a noticed motion with the Court.

**IT IS SO ORDERED.**

---

**8.** If, upon motion or objection to the undertaking, the Court determines that the probable recovery for wrongful attachment exceeds the amount of the undertaking, the Court will order the amount of the undertaking increased to the amount it determines to be the probable recovery for wrongful attachment if it is ultimately determined that the attachment was wrongful. Cal. Civ.Code § 489.220.